UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

JONATHAN ALEXANDER
ROSALES AVILEZ,

      Petitioner,

v.

JUAN AGUDELO *et al.*,

      Respondents,

Case No.: 2:26-cv-00151-SPC-DNF

## **OPINION AND ORDER**

Before the Court are Jonathan Alexander Rosales Avilez's Petition for Writ of Habeas Corpus (Doc. 2), the government's response (Doc. 8), and Rosales Avilez's reply (Doc. 9). For the below reasons, the Court grants the petition.

Rosales Avilez is a native and citizen of Honduras who entered the United States on February 2, 2014. He was arrested and detained by Immigration and Customs Enforcement ("ICE") on October 1, 2025, while traveling to work. On December 15, 2025, an immigration judge found he had no jurisdiction to consider release on bond under *Matter of Yajure Hurtado*, 29 I. &. N. Dec. 215 (BIA 2025). Rosales Avilez is currently detained at Glades County Detention Center without an opportunity to seek release on bond.

The core of the dispute before this Court is whether 8 U.S.C. § 1225(b)(2) or § 1226(a) of the Immigration and Nationality Act ("INA") applies to Rosales Avilez. The distinction matters because § 1225(b)(2) mandates detention, while aliens detained under § 1226(a) have the right to a bond hearing before an immigration judge. Rosales Avilez asks the Court to order the respondents to either release him or provide a prompt individualized bond hearing.

The respondents argue (1) 8 U.S.C. § 1252(g) and (b)(9) strip the Court of jurisdiction over the petitioner's claims, (2) the petitioner failed to exhaust available administrative remedies, and (3) the petitioner is properly detained under § 1225 and is not eligible for a bond hearing. As the respondents acknowledge, the Court rejected their arguments in cases that presented the same issues, like *Hinojosa Garcia v. Noem*, No. 2:25-cv-879-SPC-NPM, 2025 WL 3041895 (M.D. Fla. Oct. 31, 2025) and *Vasquez Carcamo v. Noem*, 2:25-cv-922-SPC-NPM, 2025 WL 3119263 (M.D. Fla. Nov. 7, 2025). The Court's reasons for granting habeas relief in those cases apply equally here.

As the Court explained in *Hinojosa Garcia* and *Vasquez Carcamo*, it has jurisdiction because this action falls outside the scope of § 1252(g) and (b)(9), and exhaustion is excused because it would be futile. And like the petitioners in those cases, Rosales Avilez's detention is governed by § 1226(a), not § 1225(b)(2). As a noncitizen detained under § 1226(a), Rosales Avilez has a

2

right to a bond hearing. *See Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention.") (citing 8 C.F.R. §§ 236.1(d)(1), 1236.1(d)(1)).

The Court will thus order the respondents to either bring Rosales Avilez before an immigration judge for an individualized bond hearing or release him within ten days. The Court is aware that the Executive Office for Immigration Review ("EOIR") is the agency that schedules bond hearings. To be clear, subjecting Rosales Avilez to mandatory detention under § 1225(b)(2) is unlawful. If the respondents are unable to ensure Rosales Avilez receives the bond hearing he is entitled to under § 1226(a) within ten days, they must release him.

Accordingly, it is hereby

**ORDERED**:

Jonathan Alexander Rosales Avilez's Verified Petition for Writ of Habeas Corpus (Doc. 2) is **GRANTED**.

(1)   Within **ten days** of this Opinion and Order, the respondents shall either (1) bring Rosales Avilez for an individualized bond hearing before an immigration judge or (2) release Rosales Avilez under reasonable conditions of supervision. If the respondents release Rosales Avilez, they shall facilitate his

transportation from the detention facility by notifying his counsel when and where he may be collected.

(2) The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on February 10, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1